# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| SHEANDA BRYANT, ET. AL. | PLAINTIFF-INTERVENORS |
| VS. | CIVIL ACTION NO.: 2: 67-CV-02216 |
| LAWRENCE COUNTY SCHOOL DISTRICT | DEFENDANT |

## DEFENDANT'S MOTION TO MODIFY DESEGREGATION PLAN AND TO GRANT EXPEDITED CONSIDERATION OF CONSOLIDATION OF CITED SCHOOLS

COMES NOW, Defendant, Lawrence County School District (hereinafter "LCSD"), and respectfully moves this Court to enter an order modifying the desegregation plan such that all students who attend what is now known as Rod Paige Middle School (hereinafter "RPMS"), grades fifth (5th) through eighth (8th), are consolidated with those at Monticello Elementary School (hereinafter "MES") at the current MES location and to grant expedited consideration of this motion, and in support of this motion state as follows:

    I.    **BRIEF INTRODUCTION OF PERTINENT CASE HISTORY**

  1.  On November 7, 1969, the Fifth Circuit Court of Appeals (hereinafter "Fifth Circuit") in consolidated Causes Nos. 28030 and 28042 on the docket of that Court, involving thirty (30) school systems in the Southern District of Mississippi, directed the immediate enforcement, by most of the respective school boards, of permanent student and faculty assignment plans, prepared by the Office of Education, Department of Health, Education and Welfare (hereinafter "HEW plan") in order to effectuate the conversion of these schools systems to unitary systems. *United States v. Hinds County School Board,* 433 F. 2d 611, 612 (5th Cir. 1970). The

Fifth Circuit maintained jurisdiction for the purposes of modifying or amending its order of November 7, 1969, and further provided a procedure whereby the plans, as adopted could be modified by the filing of suggested modifications with this District Court, not before March 1, 1970, with the suggested modifications having an effective date of September 1970. *Id* at 612.

2. Pursuant to the terms of the order of the U.S. Supreme Court in *Alexander v. Holmes County Board of Education,* the Court of Appeals may direct the schools involved to accept all or any part of the August 11, 1969, recommendations within the HEW plan, with any modifications which the Court of Appeals deems proper insofar as those recommendations insure a totally unitary schools system for all eligible pupils without regard to race or color. […] No amendment shall become effective before being passed upon by the Court of Appeals. *Alexander v. Holmes County Board of Education,* 396 U.S. 19, *21 (1969). Pursuant to the terms of the order of the U.S. Supreme Court in *Alexander v. Holmes County Board of Education*, no amendment or modification to any plan shall become effective without the order of this court. Fifth Circuit per curium, dated November 7, 1969, page 7, unnumbered ¶ 2.

3. On or about November 26, 1969, the Fifth Circuit directed the enforcement of the HEW plan and approved certain modifications thereto. *United States of America, vs. Lawrence County School District, No. 2216, Order, December 5, 1969* (attached as Supplement "B").

4. On or about August 7, 1970, the Fifth Circuit adopted this Court's May 18, 1970 Findings and Recommendations and made it the opinion of this court.

5. On or about January 9, 1974, the Fifth Circuit transferred jurisdiction of the herein matter to this honorable district court to be placed on the inactive docket subject to being reopened for good cause.

6. On or about November 11, 1974, the Fifth Circuit transferred jurisdiction of the

case to this Court including, among other things, the aforesaid orders entered by the Fifth Circuit shall be considered as the mandate of [that] court and are to be made the order of the district court.

7. On or about January 10, 1986, this Court issued a Memorandum Opinion declaring, among other things, the District's school construction plans satisfy the constitutional obligations. *United States v. Lawrence County Sch. Dist.,* 626 F. Supp. 940, 945-947 (S.D. Miss, 1986). In that opinion, this Court wrote, in-part, "The court is of the opinion that the site chosen [the current Monticello Elementary School site], for the reasons stated above, will not be a factor tending to resegregate the Lawrence County schools. Furthermore, because the new facility will replace a building which was, prior to 1969, a white school, it will serve to promote the desegregative purpose in providing a facility which has no ties to a particular race." *Lawrence County Sch. Dist.,* 626 F. Supp. at 946.

8. On or about September 15, 1986, the Fifth Circuit affirmed, in-part, this Court's January 1986 Memorandum opinion, that refused to order the full relief sought by intervenors as it related to the consolidation of all Lawrence County Schools to a location within Monticello and stated that doing so, "[…] goes beyond what is now required to accomplish desegregation." *United States v. Lawrence County School Dist.*, 799 F. 2d 1031, 1048 (5th Cir. 1986).

9. On August 12, 1987, an Agreed Order was entered by this Court amending the district's previous school location plan and student attendance areas, including, but not limited to, closing Beulah Williams Elementary School and the reassignment of those students.

**Justification for Request for Expedited Consideration and Oral Arguments**

10. As stated RPMS school is approximately seventy (70) years old and is in very poor condition with parts of the RPMS facility a health and safety hazard due to a litany of issues including, but not limited to, an entire wing of the facility being declared structurally deficient to

3

the point of a significantly heightened risk of partial collapse. A copy of the engineering/architectural assessment of RPMS school is attached hereto as Exhibit "A", incorporated herein by reference, and labelled Bates #: 000001-000035.

11. The dangerous conditions have necessitated the closing of the affected wing and the shifting of those students to other parts of the facility, further burdening the capacity limitations of those areas of the facility, particularly in light of COVID-issues and attempts to socially distance the student population as much as possible.

12. Additionally, as Exhibit "A" further details, there are other significant issues with RPMS as they relate the age of the electrical system, the inability to obtain sufficient replacement parts due to said age, the prevalence of mold within, or in very close proximity to, classroom areas that is impossible to control, and other significant issues that must be addressed as soon as possible as these issues, individually, but particularly collectively, pose a significant life-safety threat to the students who utilize the RPMS facility.

13. Time is of the essence and, therefore, the LCSD respectfully requests this Court set this motion for expedited hearing such that this Court may rule by, at the latest, May 2022.

38. In support of the Defendant's Motion to Modify Desegregation Plan and to Grant Expedited Consideration of Consolidation of Cited Schools, the Defendant is submitting its Memorandum Brief, and the therein cited Exhibits and Supplements, are incorporated herein by reference.

39. The LCSD respectfully requests oral arguments on the matter.

**WHEREFORE, PREMISES CONSIDERED**, the Defendant prays that this Court expeditiously approve its proposed modification to its August 12, 1987 Order amending the LCSD's previous school location plan and student attendance areas such that the LCSD may

construct additional facilities at the current MES location wherein the MES-RPMS schools may be consolidated, with all current students who attend RPMS thenceforth attending school at the current MES campus and to grant any and all other relief the Court deems necessary.

**LAWRENCE COUNTY SCHOOL DISTRICT**

BY: /s/ JARED F. EVANS
JARED F. EVANS, ESQ.

JARED F. EVANS, MB# 105809
JARED F. EVANS LAW, PLLC
GENERAL COUNSEL FOR THE LAWRENCE COUNTY SCHOOL DISTRICT
POST OFFICE BOX 1636
318 E. BROAD STREET, FL. 2
MONTICELLO, MS 39654
601-320-4606
601-300-2953 (FAX)
EMAIL: jaredfrankevans@jaredfevanslaw.com

## CERTIFICATE OF SERVICE

I, JARED F. EVANS, do hereby certify that I have this day electronically filed the foregoing Motion to Modify Desegregation Plan, et. al., by electronic service through PACER and that an electronic copy of said filing has been sent to the following via email only:

Peter W. Beauchamp
Trial Attorney
Educational Opportunities Section, Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel: (202) 305-3058 | Fax: (202) 514-8337
peter.beauchamp@usdoj.gov
Counsel for the United States of America

Jonathan Newton | Trial Attorney
Civil Rights Division | Educational Opportunities Section
U.S. Department of Justice | 4CON | 150 M St. NE, 10.216 |
Washington, DC 20530 | Office: (202) 307-6475
Counsel for the United States of America

Shakti Belway, Esq.
P. O. Box 2040
Santa Barbara, CA 93120
Email: shakti.belway@gmail.com
Counsel for Plaintiff-Intervenors

THIS the **10th** day of September, 2021.

/s/ JARED F. EVANS
JARED F. EVANS