**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**SHEANDA BRYANT, et al.**                                                       **PLAINTIFF-INTERVENORS**

**v.**                                             **CIVIL ACTION NO. 2:67-CV-02216-HSO-RHWR**

**LAWRENCE COUNTY SCHOOL DISTRICT**                                              **DEFENDANTS**

**MOTION TO STRIKE INTERVENORS' INITIAL DISCLOSURES**

COMES NOW the Lawrence County School District (hereinafter the "*District*" or "*movant*"), by and through undersigned counsel, and files this, its Motion to Strike Intervenors' Initial Disclosures, pursuant to the terms of Rules 26 and 37 of the Federal Rules of Civil Procedure and Rule 16 of the Local Uniform Civil Rules of this Court, and in support thereof would show unto the Court the following.

**Pertinent Procedural History and Background Facts**

1. On September 10, 2021, the movant filed its Motion to Modify School Desegregation Plan and to Grant Expediated Consideration of Consolidation of Cited Schools [Doc. 23].

2. On September 27, 2021, Plaintiff United States Department of Justice (USDOJ) filed its Response to Motion to Modify School Desegregation Plan and to Grant Expediated Consideration of Consolidation of Cited Schools [Doc. 32], posing no objection to the District's afore-referenced plan.

3. On November 12, 2021, the Plaintiffs Intervenors Eugene Bryant, Amos Bridges, Louis Bridges, and Billy Showers (hereinafter "*intervenors*") filed their Unopposed Motion to Order the Parties to Participate in Rule 26(f) Conference, and to Continue the Date to Respond to Defendant's Motion to Modify School Desegregation Plan and to Grant Expedited Consideration of Consolidation of Cited Schools [Doc. 36].

4. On December 2, 2021, the movant filed its Notice of Service of Initial Disclosures and tendered disclosures to counsel for USDOJ and the intervenors in this action in compliance with the terms of Rule 26 of the Federal Rules of Civil Procedure (hereinafter "*Rule 26*").

5. On December 3, 2021, counsel for the parties participated in a Rule 26 attorney conference.

6. On January 6, 2022, the Court held its Case Management Conference, and subsequently issued its Text Only Scheduling Order, a true and correct copy of which order is attached hereto as Exhibit "*A*" and incorporated herein by reference.

7. On February 22, 2022, the intervenors tendered to the defense and plaintiff's counsel their purported "Plaintiffs-Intervenors' Supplemental Disclosures".

## Grounds to Strike

8. The movant will demonstrate to the Court that the intervenors have made no initial disclosures in this action, and that their so-called "supplemental" disclosures supplement nothing and are out-of-time.

## Argument and Authorities

9. This Court's local rules require that initial disclosures be made voluntarily by all litigants "no later than fourteen days after the attorney conference, but in no event may they be made later than seven days before the Case Management Conference. *LUCR 16(d)*

10. Rule 26(a)(1)(C) provides in pertinent part that a party must make initial disclosures within fourteen days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless the party objects during the conference that initial disclosures are not appropriate and states the objection in the proposed discovery plan.

11. The "basic purpose of [Rule 26 is to] prevent prejudice and surprise." *Reed v. Iowa Marine & Repair Co.*, 16 F.3d 82, 85 (5th Cir. 1994).

12. The terms of the proposed Case Management Order (CMO) submitted to the Court by counsel for the parties do not set out an objection to initial disclosures on behalf of the intervenors, as evidenced by a true and correct copy of said proposed CMO attached hereto as Exhibit "*B*" and incorporated herein by reference.

13. A contention of counsel for the intervenors as reflected in the proposed CMO does not constitute an objection, and that in any event, the intervenors were directed by the United States Magistrate in the telephonic case management conference held by the Court on January 6, 2022 to make disclosures if there were any disclosures to be made.

14. The time for the intervenors to submit initial disclosures passed on December 17, 2021, and even if given a more generous deadline under the local rules (in no event may they be made later than seven days before the Case Management Conference) the disclosures were due no later than December 31, 2021.

15. If the intervenors did not intend to submit initial disclosures in conformity with the rules of this Court, it was their duty to clearly pose an objection to such disclosures during the January 6, 2022 case management conference, so that the Court could rule on their objection.

16. An additional 47 days elapsed between the close of the case management conference, when the Court had directed the intervenors to make initial disclosers, and the submission of the "Plaintiffs-Intervenors' Supplemental Disclosures" on February 22, 2022.

17. The intervenors' "supplemental" disclosures tendered on February 22, 2022, are therefore untimely, in violation of Rule 26.

18. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless its failure was substantially justified or is harmless." *FRCP 37(c)(1)*.

19. The intervenors' failure to make initial disclosures is neither justified or harmless, and therefore the Court should strike their untimely submission of information that should have been provided to the defendant and USDOJ on or before December 17, 2021.

20. The information disclosed by the intervenors on February 22, 2022 consists only of the names of prospective witnesses, as shown by a true and correct copy of the "Plaintiffs-Intervenors' Supplemental Disclosures" attached hereto as Exhibit "*C*" and incorporated herein by reference.[1]

21. "In evaluating whether a violation of Rule 26 is harmless, and thus whether the district court was within its discretion in allowing the evidence to be used at trial, we look to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the

---

[1] Those potential witnesses for whom the subject of information known is disclosed on Exhibit C are with only one exception witnesses identified by the movant in its Initial Disclosures and merely copied and regurgitated back to the District by the intervenors.

explanation for the party's failure to disclose. *Texas A&M Research Foundation v. Magna Transportation, Inc.*, 338 F.3d 394 (5th Cir. 2003).

22. Reviewing the evidence presented out-of-time by the intervenors through an analysis of the foregoing factors, the movant maintains that the information disclosed on February 22, 2022 should not be considered harmless because:

(a). With the intervenors failing to disclose the subject of the information known by their witnesses as required by the terms of Rule 26, the evidence must be considered important;

(b). The District suffers substantial prejudice by the untimely disclosure of information by the intervenors, in the form of delays in the discovery process that prevent the District from filing a dispositive motion in a timely manner, and consequent delayed construction times, as the intervenors' objections to the District's consolidation plan have thus far caused at least one class of Lawrence County school children to suffer the negative effects of receiving an education in sub-standard facilities;

(c). A continuance does not cure the prejudice to the District - it compounds the prejudice by adding to litigation time and construction delays; and

(d). There is no reasonable explanation for the intervenors' failure to timely disclose evidence known to them for months.

23. The intervenors offer no explanation for why they have not complied with the terms of Rule 26, and there is no substantial justification for their disregard of the Court's rules. Generally, "substantially justified" means "justified to a degree that could satisfy a reasonable person", *Pierce v. Underwood*, 487 U.S. 552, 564–65, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

24. An attorney's decision to refrain from disclosing the information must have had a "reasonable basis both in law and fact." *Olivarez v. GEO Grp., Inc.*, 844 F.3d 200 (5th Cir. 2016).

25. Rather than offer a reasonable basis in law and fact for their discovery violations, the intervenors blandly contend that "in light of the post-judgment procedural posture of this case, initial disclosures are not required for any party at this juncture". *Exhibit C, ¶ 4.*

26. For having disregarded this Court's discovery rules, the intervenors should not be permitted to use evidence from the prospective witnesses identified in Exhibit C.

### Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Defendant Lawrence County School District moves the Court to strike the "Plaintiffs-Intervenors' Supplemental Disclosures" prohibiting the Plaintiff-Intervenors from use of the information contained therein at trial or in any other proceeding in this civil action; further, the movant prays for any and all other relief or sanctions to which it may be entitled under the provisions of 37 of the Federal Rules of Civil Procedure, or to which it is otherwise entitled in the premises.

Respectfully submitted, this, the 23rd day of February, 2022.

LAWRENCE COUNTY SCHOOL
DISTRICT, DEFENDANT

BY:     /s/ F. Gregory Malta
        F. Gregory Malta, MS BAR #9743
        P. O. Box 912
        Brookhaven, MS 39602
        Telephone: 601-990-2999
        Email: gregmalta@gmaltalaw.com

        ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I, the undersigned counsel for the defendant, do hereby certify that I have this day electronically filed a true and correct copy of the foregoing Motion to Strike Intervenors' Initial Disclosures, thereby notifying the following:

>Ajay Paul Saini, Esq.
>Ceala Breeb-Portnoy, Esq.
>U.S. Department of Justice
>Civil Rights Division
>950 Pennsylvania Ave, NW – 4 CON
>Washington, DC 20530

**OF COUNSEL FOR UNITED STATES OF AMERICA**

>Shakti Belway, Esq. and Co-Counsel
>P.O. Box 2040
>Santa Barbara, CA 93120

**OF COUNSEL FOR PLAINITFFS-INTERVENORS**

This, the 23rd day of February, 2022.

>/s/ F. Gregory Malta
>F. GREGORY MALTA, ESQ.