Last Updated: September 2020

FORM 1 (ND/SD MISS. DEC. 2019)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

UNITED STATES OF AMERICA                                                                 **PLAINTIFF**

v.                                                                        CIVIL ACTION
                                                                          NO. 2:67-CV-02216-HSO-RHWR

LAWRENCE COUNTY SCHOOL DISTRICT                                                          **DEFENDANT**

## CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**  5

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**  25

   **EXPERT TESTIMONY EXPECTED:** Yes   **NO. OF EXPERTS:**  5

   If experts are needed in this matter, designation will be made pursuant to FRCP 26.
   The parties anticipate an evidentiary hearing on a contested motion, rather than a trial.

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   A settlement conference will be scheduled following completion of discovery. If the parties believe a conference may be useful before then, they will jointly notify the Court. If either party does not believe a settlement conference would be useful, they will likewise notify all parties and the Court. Separately, the parties plan to explore possible private mediation on a parallel track with discovery.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.



EXHIBIT B

FORM 1 (ND/SD MISS. DEC. 2019)

4. **DISCLOSURE.** (Pick one)

   The following additional disclosure is needed and is hereby ordered:

   Defendants contend that pre-discovery disclosures are required by Fed. R. Civ. P. 26(a)(1) and L. U. Civ. R. 16(d) and 26(a) and should be served prior to the scheduling conference in this matter by the intervening plaintiffs.

   Plaintiffs contend that, in light of the post-judgment procedural posture of this case, initial disclosures are not required for any party at this juncture.

   The parties waive any requirement for the Department of Justice to produce initial disclosures.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution/bifurcation of the trial issues will not assist in the prompt resolution of this action.

   Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __25__ succinct questions.

   B. Requests for Production are limited to __30__ succinct questions.

   C. Requests for Admissions are limited to __25__ succinct questions.

   D. Depositions are limited to the parties, experts, and no more than

   __10__ fact witness depositions per party without additional approval of the Court.

FORM 1 (ND/SD MISS. DEC. 2019)

    **E.**    The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

Other than potential e-mail, social media, and text message communications, at this time the parties do not anticipate there being any discovery conducted regarding ESI in this litigation. To identify and preserve any ESI, counsel for the parties have alerted their respective clients to ensure proper protections are in place to prevent deletion of documents potentially relevant to this litigation, to notify those persons in relevant positions to refrain from destroying ESI that may be relevant to the claims in this litigation, and to ensure no inadvertent deletion of ESI occurs. For any relevant e-mail communications, the parties will produce such communication via hard copy or PDF. The parties do not expect to perform any forensic searches on computer hard drives. The parties are not aware of any discoverable deleted ESI. The parties do not anticipate requesting any discoverable ESI with embedded data and/or metadata. For any ESI discovered during the course of this litigation, however, the parties have agreed to produce paper or PDF copies of any electronically stored documents that are produced in response to document requests. The parties are not aware of any discoverable ESI that is not reasonably accessible at this time. In the event any privileged information is inadvertently disclosed via any ESI, the parties agree that the privilege is not waived.

    **F.**    The court imposes the following further discovery provisions or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☐ 5. Other:

FORM 1 (ND/SD MISS. DEC. 2019)

Additional information:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  Choose Type: _____

      beginning on: _____, at  9:00  ,  a.m.  , in  Choose City: ____ ,

      Mississippi, before United States  District  Judge _____.

      THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS _____. ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: _____, at  9:00  ,  a.m.  ,

      in  Choose City: ____ , Mississippi, before United States  District  _____

      Judge _____.

   C. **Discovery.** All discovery must be completed by: _____.

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be

      filed by: _____.

   E. **Experts.** The parties' experts must be designated by the following dates:

      1. Plaintiff(s):  _____.

      2. Defendant(s):  _____.

Form 1 (ND/SD Miss. Dec. 2019)

8. **Motions.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by:_____. The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **Settlement Conference.**

If the parties desire judicial assistance to settle the case after initial discovery, they will contact the Court to request a date for a settlement conference when they have obtained the discovery necessary to make the conference effective.

10. **Report Regarding ADR.** On or before (7 days before FPTC) _____, the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3).*

**So Ordered:**

_____    _____
DATE                                                   UNITED STATES MAGISTRATE JUDGE