**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **SHEANDA BRYANT, ET. AL.** | **PLAINTIFF-INTERVENORS** |
| **VS.** | **CIVIL ACTION NO.: 2: 67-CV-02216** |
| **LAWRENCE COUNTY SCHOOL DISTRICT** | **DEFENDANT** |

**PLAINTIFF-INTERVENORS' MEMORANDUM BRIEF IN
SUPPORT OF OPPOSITION TO MOTION TO STRIKE
INTERVENORS' INITIAL DISCLOSURES**

**(Oral Argument Requested)**

**I. INTRODUCTION**

Plaintiff-Intervenors properly disclosed information in a timely manner. However, the District asks this Court to strike Plaintiff-Intervenors' supplemental disclosures and exclude any witness or other evidence referenced in the disclosures from evidence at hearing. In doing so, the District both falsely asserts that Plaintiff-Intervenors violated Local Rule[1] 16(d) and defies the very procedure it seeks to enforce by failing to first meet and confer and to file a motion to compel before seeking sanctions.

---

[1] Plaintiff-Intervenors refer to the "Local Uniform Civil Rules of the United States District Courts for the Northern District and the Southern District of Mississippi" as the "Local Rules."

1

The District's Motion to Strike Intervenors' Initial Disclosures ("Motion to Strike" or "Motion") should be denied because (1) Plaintiff-Intervenors raised an objection before the Case Management Conference ("CMC"), which deferred the time for disclosure, (2) Plaintiff-Intervenors complied with the Court's direction to disclose new information after the CMC, (3) the District has suffered no prejudice by the timing of the disclosures, (4) Plaintiff-Intervenors were substantially justified, and (5) exclusion is an extreme sanction not appropriate here.

## II.   FACTS

The following facts are supported by the accompanying Declaration of Shakti Belway. (Exhibit 1- Declaration of Shakti Belway in Support of Plaintiff-Intervenors' Opposition to Motion to Strike ("Decl. Belway")):

In 1967, the Department of Justice ("DOJ") brought an action against the Lawrence County School District (the "District") seeking desegregation of its schools. Plaintiff-Intervenors, concerned Black residents of Lawrence County, intervened in the case. After careful consideration of the evidence, this Court issued a Desegregation Order and subsequently issued clarifying orders, concluding with a 1987 Agreed Order (collectively, the "Desegregation Orders"). (ECF 23 at 1-3.) Since then, the District has filed periodic reports on its purported compliance with the Desegregation Orders. It is uncontested that, in the last thirty years since the most recent Order was issued, the District has yet to achieve unitary status, and continues to fail to meet its obligations to desegregate.[2]

In September 2021, the District filed its Motion to Modify the Desegregation Plan ("Motion to Modify"). (ECF 23.) The Motion seeks court approval of a proposed consolidation plan to close and abandon Rod Paige Middle School, a historically Black school. With the filing

---

[2] If the District had achieved unitary status, it would file a Motion for Declaration of Unitary Status rather than a Motion to Modify the Desegregation Order.

of its Motion to Modify, the District abruptly interrupted and ceased productive negotiations with the Plaintiff-Intervenors and the DOJ to reach a mutually-agreeable plan to address the school facilities and student assignment issues while ensuring that the District's schools complied with this Court's Desegregation Orders.

In response to the filing, Plaintiff-Intervenors informally sought basic information about the District's proposal, including alternatives the District had considered, without which it would be impossible to evaluate the District's proposal. The District refused to engage in informal discovery, and insisted that the Plaintiff-Intervenors seek formal discovery to obtain the requested information.

On November 12, 2021, Plaintiff-Intervenors filed an unopposed Motion for Discovery requesting a Rule 26(f) conference to establish a timeline for limited discovery that would allow the Plaintiff-Intervenors access to information about the District's plan crucial to their assessment of whether to oppose the District's Motion to Modify. (ECF 36.) The Court granted that Motion for Discovery on November 15, 2021. (ECF 38.)

On December 2, 2021, the District served its Initial Disclosures. (ECF 41.) Counsel for the parties held an attorney conference pursuant to the Court's Order on December 3, 2021. At that time, counsel for Plaintiff-Intervenors objected to making initial disclosures, asserting that Rule 26(a) did not apply in post-judgment cases.

The Court set a CMC for January 6, 2022. Prior to the CMC, the parties submitted a joint proposed case management order wherein Plaintiff-Intervenors' objection was reiterated. This proposed order made clear that "Plaintiffs contend that, in light of the post-judgment procedural posture of this case, initial disclosures are not required for any party at this juncture." (ECF 50-2.) Plaintiff-Intervenors also raised this objection in their confidential submission to the Court in

which they stated: "In Plaintiffs-Intervenors' [sic] view, initial disclosures pursuant to Rule 26(a)(1) are served at the opening of a case headed for trial, and are similarly not required for any party in this procedural posture.  LCSD disagrees, and has served initial disclosures.  Plaintiffs-Intervenors [sic] look forward to discussing this issue with the Court at the Telephonic Case Management Conference."

Counsel for the Plaintiff-Intervenors addressed the dispute related to disclosures at the CMC, during which the Court instructed the parties that they are under an ongoing duty to disclose anything new.  Plaintiff-Intervenors understood that they were required to supplement or correct disclosures in a timely manner consistent with Rule 26(e).  The Minute Entry and Text-Only Scheduling Order following the CMC were issued on January 6, 2022 and made no mention of the disclosures or a deadline to either disclose or supplement.  (Exhibit 2 - January 6, 2022 Minute Entry; ECF 50-1.)  The Minute Entry and Text-Only Scheduling Order set the close of discovery on June 1, 2022, ordered Plaintiff-Intervenors to file their responsive pleading by August 1, 2022, and set a hearing (if needed) for the week of October 17, 2022.  The District did not object.

On February 22, 2022, the parties met by phone.  Counsel for Plaintiff-Intervenors informed the District that they intended to supplement their disclosures.  That same day, on February 22, 2022, Plaintiff-Intervenors served Supplemental Disclosures on the parties.  (ECF 49.)  The disclosures provided new information including identifying four potential witnesses not previously identified in the District's initial disclosures and two witnesses who were Plaintiff-Intervenors already known to the District.  (ECF 50-3.).  They also identified and expounded on information relating to District officials identified in the District's disclosures.  *Id*.  The four new potential witnesses' identities became known to Plaintiff-Intervenors after the CMC, shortly

4

before the disclosures were made. Nonetheless, the following day, on February 23, 2022, the District filed the instant Motion to Strike.

## III.     ARGUMENT

### A.  Plaintiff-Intervenors Complied with Federal Rule 26(a)(1)(C).

Federal Rule 26(a)(1)(C) states:

> A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

Plaintiff-Intervenors here made the required objection during the attorney conference.[3] (Decl. Belway at 11.)  Plaintiff-Intervenors reiterated their objection in the parties' Proposed Case Management Order, in which they acknowledged the District's position and re-stated their objection to making initial disclosures.  (ECF 50-2 at 2.)  Plaintiff-Intervenors again reiterated their objection in their Confidential Memo submitted to the Court.  (Decl. Belway at 12.)  The District denies only that the word "objection" was used; but this denial is specious.

The District's contention that there was no objection cannot be squared with the fact that, as the District concedes, the Court was invited to resolve whether initial disclosures were required during the CMC.  (ECF 50 ¶ 12-13.)  During the CMC, the Court ordered Plaintiff-Intervenors to disclose new information as it arose.  Or, as the District puts it, it ordered Plaintiff-Intervenors "to make disclosures if there were any disclosures to be made."  (ECF 50 ¶ 13.)  This

---

[3] Plaintiff-Intervenors' objection was based on their understanding that the disclosure requirement of Rule 26(a) is inapplicable to this case because this is a post-judgment modification motion where discovery has been re-opened for the limited purpose of assessing the District's grounds for moving to modify the Desegregation Orders. (ECF 36; ECF 38.)  The unopposed request to initiate a formal discovery process was made pursuant to Federal Rule 26(b), which governs discovery, not Federal Rule 26(a), which governs disclosures. "The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014).  Here, a trial has already taken place on the merits.

set an expectation that future disclosures must be provided if/when new information came to light. Based on the absence of any reference to the disclosures (or any related deadlines) in the Court's Minute Entry and Text-Only Scheduling Order, Plaintiff-Intervenors reasonably concluded that the Court did not believe an earlier deadline had been missed, nor did it set a specific date by which supplemental disclosures should be made. (ECF 50-1.) Plaintiff-Intervenors properly understood that they should serve new disclosures, and complied with the Court's directive by serving supplemental disclosures regarding new information in a timely manner. The Court made no other orders regarding disclosures. (ECF 50-1.)

### B. Plaintiff-Intervenors Have Made the Requested Disclosures

Federal Rule 26(e) states that a party must supplement disclosures "in a timely manner." Local Rule 26(a)(5) states "A party is under a duty to supplement disclosures at appropriate intervals under FED.R.CIV.P. 26(e) and in no event later than the discovery deadline established by the case management order." In the present case, discovery does not close until June 1, 2022.

Plaintiff-Intervenors provided the District with their Supplemental Disclosures on February 22, 2022 – more than three months before the discovery cutoff per Rule 26(e) – as the District concedes. (ECF 50 ¶ 7.) The District did not request to meet and confer about disclosures, nor did it express its intent to seek a motion to compel the disclosures before Plaintiff-Intervenors served them. (Decl. Belway at 16-17.) Instead, the District responded to receiving disclosures with an unmerited Motion to Strike.

The supplemental disclosures were timely made because the information within the disclosures that was new to the District only came into Plaintiff-Intervenors' possession recently, and well after the CMC. (Decl. Belway at 18.) The time taken to produce the disclosures was reasonable, especially given the circumstances of the Plaintiff-Intervenors, who are elderly

6

gentlemen, many with multiple health conditions. Some live in rural and remote areas, and are not well-versed with technology for digital communications and information transfer. (Decl. Belway at 6.)

Where a party complies with the duty to supplement and discovery is still open, a motion to strike is inappropriate. *See, e.g.*, *Slaughter v. Atkins*, No. 09-190-C-M2, 2009 WL 10706018 at *3 (M.D. La. Dec. 15, 2009) ("Until the defendants actually seek to rely upon specific documents and witnesses that were not listed in their initial disclosures either in a motion or at trial, …, [] a "blanket exclusion" of documents and witnesses, like that requested by [the plaintiff], at this early point in the litigation is improper and contradicts the very purpose of allowing supplemental disclosures pursuant to Rule 26(e).").

This is not a situation—as in the cases where exclusion of evidence has been upheld—in which Plaintiff-Intervenors possess but withhold evidence, contrary to the District's baseless assertions. Plaintiff-Intervenors have disclosed all information known to them at this time through their Supplemental Disclosures. *See* Fed. R. Civ. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it."); *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 692 (D. Kan. 1996) ("The court will not attribute to defendant intentional delay and violation of the Federal Rules of Civil Procedure without adequate evidence of such conduct."). Here there is no evidence of intentional delay nor is there any reasonable basis in fact for such a claim.

### C. The District Has Demonstrated No Substantial Prejudice.

Even where, unlike here, a party fails to disclose,[4] excluding such evidence is not permitted where the failure did not substantially prejudice the other party. *See* Fed. R. Civ. P.

---

[4] The District implies that the Supplemental Disclosures are inadequate because, for example, the witnesses disclosed "are with only one exception witnesses identified by the movant in its Initial

37(c)(1); *see also* Fed. R. Civ. P. 37(c)(1) advisory committee's note to 2000 amendment ("Even if the failure [to adequately supplement] was not substantially justified, a party should be allowed to use the material that was not disclosed if the lack of earlier notice was harmless.").

"In evaluating whether a violation of Rule 26 is harmless, [] we look to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Texas A&M Rsch. Found. v. Magna Transp., Inc.*,[5] 338 F.3d 394, 402 (5th Cir. 2003) ("negligible" prejudice in admitting 329 pages of undisclosed invoices where witness attesting to such invoices was disclosed and adverse party had one month to review and address evidence).

The parties agree that the disclosed information is important, (ECF 50 ¶ 22(a)), which supports denial of the District's motion. *Bitterroot Holdings, L.L.C. v. MTGLQ Investors, L.P.*, 648 Fed. Appx. 414, 419 (5th Cir. 2016) (district court did not abuse its discretion in admitting undisclosed affidavit because, in part, the affidavit was important). More significantly, the timing of Plaintiff-Intervenors' disclosures has not prejudiced the District. The District already propounded written discovery and noticed two depositions of the Plaintiff-Intervenors prior to receipt of the disclosures from Plaintiff-Intervenors. (Decl. Belway at 19.) Clearly, the timing

---

Disclosures." (ECF 50 ¶ 20 and n.1.) This is patently false. Plaintiff-Intervenors identified six witnesses – Billy Showers and Louis Bridges (existing plaintiff-intervenors) and Calvin Abram, Keswic Alexander, Jennifer Showers, and Gwendolyn Alexander (new potential witnesses) – who were not identified in the District's disclosures. (ECF 50-3; Exhibit 3.) The reason for not disclosing more information is simple: the Plaintiff-Intervenors do not have such information at this time and the District has no basis to assert otherwise. (Decl. Belway at 18.) In any event, overlapping witness lists would mitigate any prejudice, not increase it.

[5] Though the District cites to this case, it does not support the District's position. (ECF 50 ¶ 21.) In *Texas A&M Research Foundation*, the Court admitted 329 pages of invoices not disclosed until *after trial*. The prejudice suffered by Magna Transportation was clearly far greater than any purported prejudice to the District here, yet the undisclosed documents were still admitted.

of the disclosures did not prevent the District from working to schedule depositions or seek discovery. Moreover, discovery does not close until June 1, 2022, and the parties have not yet taken any depositions. Thus, if the District wishes to depose any of the new witnesses listed, or question existing witnesses regarding the new information, doing so would not necessitate re-noticing any depositions or cause any delays. *Apel v. Rockwell Int'l Digital Commc's Div'n*, No. 92-C-6841, 1994 WL 275038 (N.D. Ill. June 20, 1994) (no exclusion where adversary can still depose expert without prejudice).

Any prejudice the District may conceivably have experienced as a result of Plaintiff-Intervenors' alleged delay was remedied when the disclosures were made. Further, although there is none, any potential prejudice to the District is mitigated by the fact that it still has months to conduct discovery and depose the new witnesses disclosed. *See Keller v. Coastal Bend College*, 629 Fed. Appx. 596, 598-99 (5th Cir. 2015) (district court correctly found that "any prejudice to Plaintiff caused by Defendant's failure to disclose [the] witness c[ould] be cured by deposing [the witness]"); *cf. CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 279-80 (5th Cir. 2009) (exclusion of evidence upheld given late stage of litigation made failure to disclose not harmless).

The District asserts that its ability to make a dispositive motion has been delayed. (ECF 50 ¶ 22(b).) But this, too, is illusory. First, the rules do not contemplate a dispositive motion on a post-judgment motion to modify. If the District predicates its motion on Rule 56 (and the Court found such a motion appropriate), then the District must comply with Rule 56(d), which would allow Plaintiff-Intervenors to respond to a dispositive motion filed before the close of discovery with a declaration showing that information material to the District's Motion to Modify would be provided by the remaining discovery. The District's argument about "delaying

9

its dispositive motion" is also at odds with, and an apparent attempt to circumvent, the Court's pre-hearing schedule, which granted Plaintiff-Intervenors until August 1, 2022 to submit their response to the District's Motion to Modify. (ECF 50-1; Exhibit 2). The timing of Plaintiff-Intervenors' disclosures therefore has had no impact on the District's ability to file any dispositive motions.

The District asserts that it is prejudiced by the Plaintiff-Intervenors' alleged failure to disclose "the subject of the information known by their witnesses." This assertion is false. Plaintiff-Intervenors list the subjects of the information each potential witness may have. (ECF 50-3 at 1-5 (third column).) For example, regarding Dr. Titus Hines, Plaintiff-Intervenors state that he "has information regarding the condition of Rod Paige Middle School and the District's Proposed Plan to abandon it." *Id.* at 2. Similar information is listed for all other potential witnesses with the exception of the parties themselves. *Id.* at 1-5.

Where the specific information of each witness was not known to the Plaintiff-Intervenors at this time, their potential role in and relationship to the case was disclosed. *Id*. This is consistent with the approach taken by the District in its disclosures. (*See, e.g.*, Exhibit 3 at 1 (Dr. Hines described by his role as Superintendent without listing the subject of information known to him).) If the District's descriptions of "the subjects of th[e] information" known to each witness are sufficient, so then are the Plaintiff-Intervenors'. *See Kotes v. Super Fresh Food Markets, Inc.*, 157 F.R.D. 18, 20 (E.D. Pa. 1994) (no exclusion of non-expert witnesses where "neither party fully complied with the scheduling order and the Rule 26 disclosure requirements ... [but] their questionable conduct does not clearly evidence bad faith ... [and] the revised trial date permits the parties to cure any prejudice").

The District cannot attribute any prejudice or delay to the timing of Plaintiff-Intervenors' disclosures. If anything, the District's own refusal to engage in informal discovery late last year delayed final resolution of this matter, not conduct of the Plaintiff-Intervenors.

### D. Plaintiff-Intervenors Were Substantially Justified in Making Supplemental Disclosures.

Plaintiff-Intervenors were substantially justified in their reasonable belief that the procedural posture of this case renders initial disclosures inapplicable. *See Olivarez v. GEO Group, Inc.*, 844 F.3d 200, 205 (5th Cir. 2015) (substantial justification means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure [obligation]."); *Pierce v. Underwood*, 487 U.S. 522, 566 n.2 (1988) (party's explanation substantially justified "even [if] it is not correct … if a reasonable person could think it correct.").

Plaintiff-Intervenors' reliance upon the Court's order and the absence of a disclosure deadline was also substantially justified. *See, e.g.*, *Bitterroot Holdings, L.L.C. v. MTGLQ Investors, L.P.*, 648 Fed. Appx. 414, 419 (5th Cir. 2016) (holding, in part, that the district court did not abuse its discretion in admitting undisclosed affidavit where the failure was not deliberate, but rather due to the fact that the court's own scheduling order did not make clear the deadline for the Rule 26 disclosures).

### E. The District Did Not Comply with the Local Rules Before Making this Motion.[6]

Local Rule 26(a)(3) requires that the District first file a motion to compel, then subsequently file a motion for sanctions if such order compelling disclosure is violated. Local

---

[6] In addition to the failures listed herein, the District failed to comply with the requirement that the moving party "advise the court whether there is opposition to the motion." Local Rule 7(b)(10)).

11

Rule 26(a)(3)[7] ("If a party fails to make a disclosure required by this section, any other party *must* move to compel disclosure and for appropriate sanctions under FED.R.CIV.P. 37(a). … [the court will determine] appropriate sanctions to be imposed regarding a *subsequent motion* filed under FED.R.CIV.P.37(c).") (emphasis added).  Here, the District has skipped the initial step, failing to establish grounds to compel initial disclosures in the first instance – and/or compel more thorough supplemental disclosures[8] – and instead demands one of the most severe sanctions available against the Plaintiff-Intervenors.

The District also failed entirely to meet and confer prior to moving to compel.[9]  Rule 37(a)(1) states that a Motion to Compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  The District's Motion to Strike makes no such certification and should therefore be denied.  *See, e.g.*, Fed. R. Civ. P. 37(a)(5)(A), advisory committee's note to 1993 amendment (stating "The rule also is revised to provide that a party should not be awarded its expenses for filing a motion that could have been avoided by conferring with opposing counsel.").

---

[7] It is important to note that the language of Local Rule 26(a)(3) differs from Federal Rule 37.  Local Rule 26(a)(3) mandates filing of a motion to compel, where Federal Rule 37(a) permits it.  *See* Local Rule 26(a)(3) (a party "must" move to compel); *cf.* Fed. R. Civ. P. 37(a) (a party "may" move to compel).  Similarly, Local Rule 26(a)(3) requires that a motion to exclude evidence pursuant to Federal Rule 37(c) be made by "a subsequent motion," where Federal Rule 37(c) contemplates such exclusion is automatic.

[8] *See* Fed. R. Civ. P. 37(a)(4) (stating "an evasive or incomplete disclosure answer, or response must be treated as a failure to disclose, answer or respond" requiring a motion to compel).

[9] During separate conferences in December 2021 and February 2022, the parties discussed but did not agree whether initial disclosures were due.  On February 22, 2022, Plaintiff-Intervenors informed the District that they would promptly be making supplemental disclosures.  (Decl. Belway at 15.)  While the District disagreed, it never informed Plaintiff-Intervenors that it intended to file a motion to compel or that, if they failed to make initial disclosures, it would move to strike the disclosures and exclude all evidence from the hearing.  The parties cannot be said to have met and conferred about this.

12

### F. The Extreme Sanction of Exclusion Cannot Properly Be Exercised Here.

Excluding evidence is a severe sanction and is not appropriately employed as a punishment even where, as is not true here, there was improper conduct.[10] *See* Fed. R. Civ. P. 37(c)(1), advisory committee's note to 1993 amendment (stating minimal violations including failure to disclose information already known to the other party should not result in "unduly harsh penalties" like exclusion of evidence); *Asia Strategic Inv. Alls., Ltd. v. General Elec. Cap. Servs, Inc.*, 173 F.R.D. 305, 308 (D. Kan. 1997) (stating that Rule 26(a)(1) "neither guarantees nor even requires that all documents relevant to the issues in a law[ ]suit will be among the initial disclosures" and "serves to facilitate early disclosure of discoverable information," but it is not "so restrictive" as to "render inadmissible all documents not initially disclosed").

Further, any discovery sanction imposed "must first of all be just, and it must 'specifically relate[] to the particular "claim" which was at issue in the order to provide discovery.'" *Chilcutt v. U.S.*, 4 F.3d 1313, 1320-21 (5th Cir. 1993) (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauites de Guinee*, 456 U.S. 694, 697 (1982) (affirming District Court's sanction deeming personal jurisdiction met where defendants who disputed personal jurisdiction repeatedly refused to respond to discovery limited to personal jurisdiction issue).

Unlike in the present case, in both *Chilcutt* and *Insurance Corp*. (and many other cases imposing harsh sanctions), reviewing courts deemed the sanction fair because the party was

---

[10] "Precluding testimony [...] under this rule is a drastic remedy and should only be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules." *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y. 1995) (denying motion to exclude evidence where party failed to comply with disclosure rules even where the party had no substantial justification for the noncompliance) (citing *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y.)); *see also Sterling v. Interlake Industries Inc.*, 154 F.R.D. 579, 587 (E.D.N.Y. 1994) ("Imposition of sanctions under Rule 37 is a drastic remedy, however, and should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure.").

13

"warned … on several occasions that continued delay and disregard of its orders would result in the imposition of sanctions." *Chilcutt*, 4 F.3d at 1321. Additionally, unlike the Plaintiff-Intervenors here, the defendants in those cases "strung [the plaintiffs] along" by making repeated, empty promises which caused plaintiffs to delay in moving to compel. *Id.* at 1321-22.

Finally, even assuming an improper failure to disclose, innocent parties should not be severely penalized for the conduct of their counsel, including mistake or negligence on the part of counsel. *Chilcutt*, 4 F.3d at 1323; *Marshall v. Segona*, 621 F.2d 763, 767-69 (5th Circuit 1980) (overturning District Court's dismissal as sanction where "noncompliance … was done not in bad faith nor callous disregard, did not prejudice the defendant, and was manifestly the fault of the lawyer rather than the client, if fault there was" including "a failure to completely understand the Court's order."); *cf. Factory Air Conditioning Corp. v. Westside Toyota, Inc.*, 579 F.2d 334, 337-38 (5th Cir. 1978) (affirming default judgment as sanction against party where it was clear the party repeatedly ignored their attorney's advice to respond to discovery).

## G. CONCLUSION

The District apparently seeks to use preclusion to sidestep its obligation to demonstrate that its proposed plan complies with the Consent Order and its desegregative purpose. This is not consistent with the fundamental goals of disclosure under Rule 26(a). "The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014). "[C]ourts must apply the Rules with an eye toward 'common sense,' keeping in mind the purposes that the Rules are intended to accomplish." *Silvagni v. Wal–Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D.C. D. Nev. 2017).

Plaintiff-Intervenors respectfully suggest that this motion must be denied.

                                        Respectfully Submitted,

                                        Shakti Belway, Esq.
                                        MS Bar No.109025
                                        National Center for Youth Law
                                        1212 Broadway, Suite 600
                                        Oakland, CA 94612
                                        Email: shaktibelway@youthlaw.org
                                        Counsel for Plaintiff-Intervenors

**CERTIFICATE OF SERVICE**

I, SHAKTI BELWAY, do hereby certify that on March 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notifications of such filing to counsel for Plaintiff United States of America and Defendant Lawrence County School District.

_____
Shakti Belway
Counsel for Plaintiff-Intervenors